UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:22-CR-58-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LAMAR ROUSE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defense counsel's oral motion to withdraw on July 11, 2023.

The Sixth Amendment's guarantee of effective assistance of counsel is not an unqualified right. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "Such right must not obstruct orderly judicial procedure and deprive courts of the exercise of their inherent power to control the administration of justice." *Id.* at 108. "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* at 107. In determining whether good cause exists, the court considers (1) the timeliness of the motion; (2) the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and counsel is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Id.* at 108.

The court finds that the motion to withdraw is timely, and appointment of new counsel is appropriate under the circumstances. Accordingly, the motion to withdraw is allowed, and the Federal Public Defender shall appoint new counsel without delay.

New counsel will need time to assess the case and prepare a defense. Accordingly, Defendant's arraignment is, therefore, continued to the **October 10, 2023 term of court**. The court finds that the ends of justice served by this continuance outweigh the best interests of the

public and defendant in a speedy trial. It is therefore ordered further that the period of delay necessitated by this continuance is excluded from the speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED, this the 11th day of July, 2023.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge